# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON, TACOMA DIVISION

| | |
|---|---|
| Danyale N. Morado and Mark A. Morado,<br><br>                    Plaintiff,<br>v.<br><br>Genesis Credit Management, LLC; FPI Management, Inc.; and The Timbers by Vintage,<br><br>                    Defendant. | **Case No:**<br><br>**Complaint for Damages for Violations of the Fair Debt Collection Practices Act and Violations of the Consumer Protection Act**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors,

1. to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Danyale N. Morado and Mark A. Morado, ("Plaintiffs"), through Plaintiffs' attorneys, brings this action to challenge the actions of Genesis Credit Management, LLC ("Genesis"), FPI Management, Inc. ("FPI"), and The Timbers by Vintage ("Timbers") (or jointly as "Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt alleged to be owed by Plaintiffs, and this conduct caused Plaintiffs' damages.

3. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain directly to Plaintiffs, which Plaintiffs allege on her personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. All the conduct engaged in by Defendant took place in the Western District of Washington.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

**JURISDICTION AND VENUE**

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

8. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Washington Consumer Protection Act.

9. Because Defendant does business within the State of Washington, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391 because the events leading to the cause of action occurred in the County of Pierce, State of Washington.

11. At all times relevant, Defendant conducted business within the State of Washington.

**PARTIES**

12. Plaintiffs are natural persons who resides in the City of Gig Harbor, State of Washington.

13. Genesis is a debt collection company located in the City of Sunnyside, in the State of Washington.

14. FPI is a residential property management company incorporated in California and doing business in the State of Washington.

15. Timbers is a residential property located in Arlington, Washington.

16. Plaintiffs are natural persons allegedly obligated to pay a debt, and are consumers, as that term is defined by 15 U.S.C. § 1692a(3).

17. Plaintiffs are persons as that term is defined by RCW 19.86.010.

18. Genesis is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

19. Defendants participate in trade and commerce as defined by RCW 19.86.010.

**FACTUAL ALLEGATIONS**

20. Sometime before June 26, 2017, Plaintiff is alleged to have incurred certain financial obligations.

21. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

22. This alleged debt was allegedly owed to FPI and/or Timbers (formerly known as "Twin Ponds"), for alleged move-out charges from Plaintiffs' apartment at Timbers.

23. Plaintiffs dispute the validity of this alleged debt owed to Timbers.

24. Plaintiffs moved out from their apartment at Timbers on or around June 2016.

25. Timbers never sent Plaintiffs an accounting of what Plaintiffs owed, if anything.

26. Through this inaction, Timbers committed an unfair act in commerce in violation of RCW 19.86.023.

27. Sometime thereafter, but before June 26, 2017, Plaintiffs allegedly defaulted on the payments alleged to be owed on the alleged debt.

28. Subsequent to the alleged default, but before June 26, 2017, the alleged debt was assigned, placed, or otherwise transferred, to Genesis for collection.

29. On an initial phone call with Genesis, Genesis told Plaintiffs they owed around $800.

30. On this phone call, Genesis offered to accept $400 for settlement in full from Plaintiffs if Plaintiffs made payment by a certain date.

31. Subsequently, Plaintiffs made a $400 payment to Genesis by the deadline set by Genesis.

32. Plaintiffs checked their credit reports in or around September 2016 and noticed that the Genesis account reflected a $0 balance.

33. However, in or around October 2016, the Genesis account was changes to show a balance of approximately $3,000 on Plaintiffs' credit reports.

34. Subsequently, in or around October 2016, Plaintiffs received a letter from Genesis stating that Plaintiffs owed approximately $3,000.

35. In response to the change on their credit reports and the letter from Genesis, Plaintiffs contacted Genesis to see why Genesis was continuing to attempt to collect from Plaintiffs. On the first phone call in or around October 2016, a

Genesis representative told Plaintiffs that the letter sent by Genesis was a mistake and to disregard the letter.

36. However, on a second call, the representative from Genesis told Plaintiffs that Timbers had expected somebody to rent Plaintiff's former apartment in July 2016, but were unable to actually rent the apartment out to somebody else until October 2016 and now Plaintiffs still owed the remaining balance.

37. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

38. Plaintiffs were confused and frustrated because Plaintiffs had an agreement with Genesis whereby the account would be settled in full for $400.

39. On this second phone call, the Genesis representative also told Plaintiffs that Timbers had provided Genesis with one statement that omitted any repair or cleaning charges, and then subsequently provided Genesis with a second statement with a different balance that did include repairs and cleaning charges.  The Genesis representative indicated that the letter Plaintiffs had received was a revision on the apartment's balance.

40. On this second phone call the Genesis representative told Plaintiffs that despite, the prior agreement, Plaintiffs were being charged for rent through October 2016.

41. On this second phone call the Genesis representative told Plaintiffs that she would email a receipt letter for Plaintiffs' $400 payment, but she would not guaranty that Plaintiffs would not have to pay the new balance as well.

42. Plaintiffs never received a receipt for the $400 payment made to Genesis.

43. On or about June 26, 2017, Genesis filed a debt collection lawsuit on behalf of Timbers against Plaintiffs.

44. The lawsuit alleged a principal amount owed of $3,667.33 plus attorneys fees and costs even though Plaintiff owed nothing at this time to Genesis, FPI, or Timbers.

45. Through this conduct, Genesis made a false representation concerning the character, amount, or legal status of a debt. Consequently, Genesis violated 15 U.S.C. § 1692e(2)(A).

46. Through this conduct, Genesis used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Genesis violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

47. Through this conduct, Genesis attempted to collect an amount not authorized by the agreement creating the debt or permitted by law. Consequently, Genesis violated 15 U.S.C. § 1692f and 1692f(1).

48. Through this conduct Defendants violated RCW 19.86.020 by using an unfair and deceptive act in collecting the alleged debt from Plaintiffs.

49. Genesis's conduct was unfair and deceptive by agreeing to a settlement of $400 and then breaching that agreement by subsequently suing Plaintiffs for the alleged debt that had already been satisfied.

50. Defendants' conduct was unfair and deceptive because Defendants provided two statements for the alleged debt, the first without any extra charges, and the second with extra charges.

51. This conduct was a material violation of the FDCPA because it potentially frustrates the ability of the least sophisticated debtor to intelligently choose an adequate response because the debt was satisfied. Furthermore, Defendants are alleging Plaintiffs owe different amounts at different times throughout the collection process.

52. As a result of Defendants' abusive conduct, Plaintiffs suffered actual damages in the form of mental anguish and emotional distress, which was manifested by symptoms including but not limited to: stress, anxiety, worry, restlessness, irritability, embarrassment, loss of sleep, feelings of hopelessness, and helplessness all impacting her job and personal relationships.

53. Furthermore, Plaintiffs were forced to hire attorneys to defend an unlawful lawsuit, whereby Defendants are attempting to collect on a satisfied debt.

## CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

### (AGAINST GENESIS)

54. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

55. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

56. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### COUNT II

### CONSUMER PROTECTION ACT

### RCW 19.86.020

### (AGAINST ALL DEFENDANTS)

57. Defendants engaged in a deceptive act by collecting an amount not authorized by agreement or by the law.

58. Defendants misrepresented the amount owed by Plaintiffs and were deceptive in the collection of the alleged debt.

59. Defendants' conduct occurred in commerce during the collection of an alleged debt.

60. Plaintiff suffered monetary and emotional damages because of this conduct by Defendants.
61. As a result of each and every violation of the Washington Consumer Protection Act, Plaintiff is entitled to any actual damages, costs, and attorneys fees pursuant to RCW 19.86.090.
62. Plaintiff is further requesting the court treble damages pursuant to RCW 19.86.090 due to the reprehensible nature of Defendants' conduct.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to RCW 19.86.090;
- An award of costs of litigation and reasonable attorney's fees, pursuant to RCW 19.86.090;
- An award of treble damages pursuant to RCW 19.86.090.

///
///
///
///
///
///
///
///

63. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Respectfully submitted,                                  **Kazerouni Law Group**

Date: February 27, 2018                    By: *s/ Ryan L. McBride*
                                                  Ryan L. McBride, Esq. (50751)
                                                  Attorneys for Plaintiff

By: *s/ Joshua B. Swigart*
     Joshua B. Swigart, Esq. (SBN 49422)
     josh@westcoastlitigation.com
     **Hyde & Swigart**
     2221 Camino Del Rio S., #101
     San Diego, CA 92108
     Telephone: (619) 233-7770
     Facsimile:  (619) 297-1022

By: *s/ Abbas Kazerounian*
     Abbas Kazerounian (SBN 48522)
     ak@kazlg.com
     Ryan L. McBride (SBN 50751)
     ryan@kazlg.com
     **Kazerouni Law Group, APC**
     1546 NW 56th Street
     Seattle, WA 98107
     Telephone: (800) 400-6808
     Facsimile:  (800) 520-5523

Attorneys for Plaintiffs